**Thomas ROBINSON; Luis A. Ramirez, Appellants**

v.

**PENNSYLVANIA DEPARTMENT OF CORRECTION; Dr. Jeffrey A. Beard; (Warden) Donald T. Vaughn; Michael Spencer; Kimberly Ulisny.**

No. 07–1465.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 April 16, 2009.

Opinion filed: May 13, 2009.

Thomas Robinson, Graterford, PA, pro se.

Aluis A. Ramirez, Graterford, PA, pro se.

Claudia M. Tesoro, Office of Attorney General of Pennsylvania, Philadelphia, PA, for Appellees.

Before: BARRY, AMBRO and SMITH, Circuit Judges.

## OPINION

PER CURIAM.

Appellants Thomas Robinson and Luis A. Ramirez, proceeding *pro se*, appeal from the District Court's order entering summary judgment in favor of Appellees. For the reasons that follow, we will summarily affirm the judgment of the District Court.

On September 15, 2003, Appellants, both inmates at SCI–Graterford, filed a complaint in the United States District Court for the Eastern District of Pennsylvania challenging the inmate mail handling procedures implemented by the Pennsylvania Department of Corrections ("DOC") in 2002. Appellants claimed that the system for reviewing and distributing their legal mail violated their First Amendment rights. The challenged procedures provide that all mail sent to inmates is opened offsite and screened for contraband before being delivered to the inmate. The procedures provide an exception for privileged correspondence from attorneys or the court to inmates bearing a "control number." To obtain a control number, an attorney must verify that all mail bearing a control number contains only "essential, confidential attorney-client communication" and does not contain any contraband. A court need not make any such verification, but may use the control number only for mail the sender truly deems confidential. All mail bearing a control number is opened by a corrections officer in the presence of the inmate.

Following a period of discovery, the parties cross-moved for summary judgment, which the District Court entered in favor of Appellees. After considering our opinion in *Jones v. Brown*, 461 F.3d 353 (3d Cir.2006), and applying the test set forth

in *Turner v. Safley,* 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987), the District Court concluded that the Pennsylvania policy was promulgated in response to legitimate security concerns, that it was rationally related to the DOC's interest in preventing contraband from entering the prisons, and that the DOC offered a viable alternative in the form of a "control number." Appellants contested these conclusions, arguing that they have no control over whether courts or government attorneys obtain control numbers, that requiring corrections officers to deliver and open mail in front of them would not impose an additional burden on the state, and that contraband could be easily detected by corrections officers opening mail in front of inmates.

After the District Court entered summary judgment, Judge Savage in the Western District of Pennsylvania issued an opinion holding that the procedures in question were unconstitutional. *See Fontroy v. Beard,* 485 F.Supp.2d 592 (E.D.Pa. 2007). Both parties appealed. *See* C.A. Nos. 07–2446 & 07–2514. We stayed the instant appeal pending the outcome of the appeal in *Fontroy.* On March 10, 2009, we issued a precedential opinion in *Fontroy,* reversing the judgment of the District Court and holding that the mail handling procedures promulgated by the DOC did not violate the First Amendment. *See* 559 F.3d 173 (3d Cir.2009). After the *Fontroy* opinion was issued, we lifted the stay in the instant appeal and asked the parties to address the impact of *Fontroy* on their appeal. Appellants' response essentially seeks to re-litigate the issues we considered in reaching our decision in *Fontroy.* Because we have already considered all of the arguments raised by Appellants in their brief and response to our order, we will summarily affirm the judgment of the District Court for all of the reasons given

in *Fontroy v. Beard. See* 3d Cir. LAR 27.4 & I.O.P. 10.6.